UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICHOLAS SAMMIE LEE
SMITH, JR.,
    Plaintiff,

v.                                          Case No. 3:25cv824/TKW/ZCB

TIMOTHY WEBSTER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Presently before the Court is Plaintiff's "Notice of Appeal and Objection to Notice of Remand," which the Court construes as a motion to remand to state court. (Doc. 12). According to Plaintiff, remand to state court is necessary because his claims "did not begin or commence due to violation(s) or allegation(s) of the Constitution, laws, or treaties of the United States" and the Court should decline jurisdiction under 28 U.S.C. § 1367(c). (*Id.* at 4, 6). Plaintiff also argues removal of this case prejudices him because he does not have access to file electronically in this Court as a *pro se* litigant. (*Id.* at 10). Defendants oppose remand. (Doc. 20). The Court agrees with Defendants.

1

## I. Federal Question Jurisdiction

The district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022). The fact that a claim may ultimately lack merit does not mean that it cannot confer jurisdiction. *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1351-52 (11th Cir. 1998).

Plaintiff argues that his allegations "did not begin or commence due to violation(s) or allegation(s) of the Constitution, laws, or treaties of the United States." (Doc. 12 at 6). But Plaintiff's complaint clearly cites to the U.S. Constitution and federal law for several of his claims. In Count IV, Plaintiff brings claims for violations of the Fifth and Fourteenth Amendments to the U.S. Constitution. (Doc. 1-1, ¶ 66a-b). Plaintiff incorporates these allegations against several Defendants throughout his complaint. (Doc. 1-1, ¶¶ 71, 72, 73). He also accuses the Okaloosa County Sheriff's Office of failing to comply with "federal law." (*Id.* at ¶ 100).

Indeed, even Plaintiff himself does not dispute that he brings these claims. In his motion to remand, he admits he brings claims arising under federal law. (Doc. 12 at 2) (admitting that "it is clear and evident that the original complaint filed by Plaintiff stemmed from" violations of the "United States Code (U.S.C.), and Federal Trade Commission Act (FTC Act)"). And in his responses in opposition to at least one of Defendants' motion to dismiss, he conclusively asserts that he has stated plausible claims under 28 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments of the U.S. Constitution. *See, e.g.*, (Doc. 34 at 2) (arguing "the Complaint . . . properly alleges constitutional deprivations under 42 U.S.C. § 1983"); (*id.* at 4) ("Plaintiff Has Properly Pled Constitutional Violations under 42 U.S.C. § 1983"); (*id.* at 5) ("Plaintiff States a Claim for Violation of the U.S. Constitution").

Plaintiff's complaint clearly presents federal questions. *See, e.g.*, *Onsite Screenings, LLC v. Hillsborough Cnty., Fla.*, No. 8:22-CV-1369-TPB-AEP, 2022 WL 2916824, at *1 (M.D. Fla. July 25, 2022) ("A review of the complaint reflects that, among other things, Plaintiff asserts a due process claim under 42 U.S.C. § 1983 based on an alleged Fourth Amendment violation in Count XIV, and Plaintiff seeks declaratory relief

3

in Count XVI citing to 42 U.S.C. § 1983 and a purported Fourth Amendment violation . . . . These claims present federal questions."); *see also Hill v. City of Atlanta*, No. 1:15cv01421, 2015 WL 13807615, at *2 (N.D. Ga. July 6, 2015) ("Federal question jurisdiction exists because Plaintiff Hill expressly asserts claims for false arrest, malicious prosecution, and excessive force in violation of the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution . . . ."). Because there are several allegations of federal law violations on the face of Plaintiff's complaint, this Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's arguments to the contrary are without merit. Thus, remand is unwarranted.

## II.   28 U.S.C. § 1367

Plaintiff argues this Court should remand this case because state law claims "substantially predominate[]" the lawsuit. (Doc. 12 at 4). Thus, Plaintiff asserts this Court should decline jurisdiction and send the case back to state court under 28 U.S.C. § 1367(c). Plaintiff's argument is unpersuasive.

"Consistent with our deference to state courts on issues of state law, federal courts may exercise supplemental jurisdiction over state-law

claims in limited circumstances." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863 (11th Cir. 2022). According to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." Under § 1367(c), district courts have the discretion to refuse to exercise supplemental jurisdiction. But § 1367(c) does not "bestow[] on district courts the discretion to remand to a state court a case that includes a properly removed federal claim." *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996).

Here, as explained above, this case was properly removed because Plaintiff clearly brings federal claims in his complaint. Thus, 28 U.S.C. § 1367(c) does not permit this Court to remand to state court. Plaintiff's request to remand this case under 28 U.S.C. § 1367, therefore, should be denied.

### III.   Prejudice to Plaintiff

Finally, Plaintiff argues Defendants' removal to this Court has prejudiced him because he is unable to file electronically under this

Court's Local Rules. (Doc. 12 at 9-12); *see also* N.D. Fla. Loc. R. 5.4(A) (requiring documents filed by *pro se* parties be filed in hard copy); Administrative Order on Electronic Case Filing, at 3 (N.D. Fla. Nov. 28, 2003) ("*Pro se* litigants who are not attorneys must file all documents with the court in paper form"). He cites this as a reason in support of remand.

Plaintiff's inability to electronically file documents in this Court is not a reason to remand. *See* 28 U.S.C. § 1447(c) (providing the sole reasons for remand); *see also In re City of Mobile*, 75 F.4th at 607 (recognizing that federal courts are without authority to remand a case for reasons not authorized in 28 U.S.C. § 1447(c)). Moreover, this Court has countless *pro se* litigants (including prisoners) that regularly litigate cases in this Court without filing electronically. As with the Court's other *pro se* litigants, Plaintiff can fully litigate this case by filing documents in paper format.

### IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's "Notice of Appeal and Objection to Notice of Remand," which the Court construes as a motion to remand to state court, (Doc. 12), be **DENIED**.

2. The case be recommitted to the undersigned for further proceedings.

At Pensacola, Florida, this 27th day of August 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.