UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICHOLAS SAMMIE LEE
SMITH, JR.,
    Plaintiff,

v.                                            Case No. 3:25cv824/TKW/ZCB

TIMOTHY WEBSTER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff originally commenced this action in state court. (Doc. 1). It was subsequently removed to this Court. (Doc. 1-5). Plaintiff's 92-page complaint names numerous individuals and entities as Defendants. (Doc. 1-1). Currently before the Court is a motion to dismiss filed by four of the named Defendants (Aden, Watts, Thacker, and Isenbarger). (Doc. 5). For the reasons below, the motion to dismiss should be granted because Plaintiff's complaint is an impermissible shotgun pleading.

### I. Discussion

      Defendants argue, *inter alia*, that the complaint (Doc. 1-1) should be dismissed because it is an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure. (Doc. 5 at 10-11). The

1

Court agrees the complaint is a shotgun pleading that is disjointed and difficult to follow.[1]

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a

---

[1] Because the complaint is clearly subject to dismissal as a shotgun pleading, it is unnecessary to address the other arguments raised in the motion to dismiss.

combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up).

What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). And dismissing shotgun pleadings is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's complaint falls into at least two of the four categories of shotgun pleadings.[2] First, Plaintiff's complaint contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Barmapov*, 986 F.3d at 1325. It is difficult for the Court to discern exactly what the named Defendants did that gave rise to Plaintiff's complaint. There is no statement of facts section in the complaint. Rather, Plaintiff jumbles together his factual and legal allegations over the course of 92-pages. Throughout those pages, Plaintiff spends time providing immaterial details—such as the color of the paper slip received from Navy Federal (*id.* at 3), serial numbers of cars (*id.* at 4-5), the specific contents of seemingly immaterial contracts (*id.* at 10-13, 14-16), verbatim communications with the Okaloosa County

---

[2] The Court would also note that while Plaintiff's complaint does not squarely fit into the first and third category of shotgun pleadings, it comes close. Several of his counts adopt large chunks of allegations from preceding counts. (Doc. 1-1 at 2, 55, 58, 59, 60, 61, 62). This makes Plaintiff's complaint all the more difficult to decipher. Additionally, Plaintiff purports to bring ten "Counts" against fifteen Defendants. But because of the way Plaintiff's complaint is drafted, it is unclear if Plaintiff brings claims against all fifteen Defendants or only some. Plaintiff provides some allegations against specific Defendants but leaves out others. Ultimately, Plaintiff's complaint fails to put several Defendants on notice of what claims Plaintiff brings against them and the grounds upon which each claim rests.

Sheriff's Office in an effort to obtain public records (*id.* at 66-71), among others. Plaintiff also quotes entire conversations and emails he had with law enforcement, employees from the car dealership, and even the Florida State Attorney General's Office. The quotes span pages upon pages. (Doc. 1-1 at 30-32, 44-52, 71-83, 84-86). Sifting through the "rambling irrelevancies," *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001), in the complaint to determine what allegations are relevant would result in a "massive waste of judicial and private resources." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) (internal quotation omitted).

Plaintiff's complaint also contains conclusory allegations with no supporting explanation. The complaint repeatedly fails to link specific facts to claims or explain how the events discussed in the complaint relate to alleged violations of law. For example, Plaintiff claims Defendant Watts "violate[d] and depriv[ed] Plaintiff's Right of Due Process as established by the Fifth Amendment of the United States Constitution— whereas WATTS deprived Plaintiff of his life, liberty, and property, without due process of law." (Doc. 1-1 at 32-33). Plaintiff does not explain how Defendant Watts violated the Fifth Amendment or how he deprived

Plaintiff of his life, liberty, or property without due process of law. This is just one example of the numerous factually unsupported and conclusory allegations contained in the complaint.

Second, the complaint "does not separate each cause of action or claim for relief into a different count." *Barmapov*, 986 F.3d at 1325 (internal quotations omitted). Plaintiff's complaint brings ten Counts against Defendants. Plaintiff, however, has combined several different causes of action or claims into these Counts. For example, Count IV, styled as "Damages" and "(L4)," is twenty-one paragraphs (and sub-paragraphs) of factual and legal allegations. (Doc. 1-1 at 24-42). Under Count IV, Plaintiff appears to bring numerous state law claims, constitutional claims, and federal statutory claims. Though these claims may arise out of the same facts, they are distinct claims with different elements to be pleaded and proven.

By "lump[ing] multiple claims together in [each] count[,]" Plaintiff "forces [the Court] to play detective rather than umpire." *Vargas v. Lincare, Inc.*, 134 F.4th 1150, 1162 (11th Cir. 2025) (Tjoflat, J., concurring). "This is not how litigation works." *Id.* The lumping together of a conglomeration of claims into each count is flatly prohibited.

6

*Barmapov*, 986 F.3d at 1325 (identifying a shotgun pleading where a complaint "does not separate each cause of action or claim for relief into a different count").

For these reasons, Plaintiff's amended complaint is a shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations omitted). Consistent with Eleventh Circuit caselaw,[3] Plaintiff should be provided with one opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Florida.

---

[3] The Eleventh Circuit has explained that a district court should give the plaintiff "one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (cleaned up). And in the "repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (cleaned up).

## II. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The motion to dismiss filed by Defendants Aden, Watts, Thacker, and Isenbarger (Doc. 5), be **GRANTED** to the extent that it seeks dismissal because Plaintiff's complaint is an impermissible shotgun pleading.

2. Plaintiff be provided with fourteen days from the date of the District Judge's order regarding this recommendation to file an amended complaint.

3. The pending motions (Docs. 25, 32, 40, 41, 42, and 44) be **DENIED as moot**.

At Pensacola, Florida, this 28th day of August 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or

8

recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.