UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**NICHOLAS SAMMIE LEE SMITH, JR.,**

    **Plaintiff,**

v.                           Case No. 3:25-cv-824-TKW-ZCB

**TIMOTHY WEBSTER, et al.,**

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 48) and Plaintiff' objections (Doc. 49).[1] The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that Plaintiff's motion to remand this case to state court should be denied.

This case plainly falls within this Court's original "federal question" jurisdiction under 28 U.S.C. §1331 because it asserts claims under the Constitution and federal statutes. Moreover, as the magistrate judge correctly explained, even if

---

[1] The magistrate judge issued a separate R&R (Doc. 50) dismissing the complaint as a shotgun pleading, but the time for filing objections to that R&R has not yet run. Thus, this Order does not address the issues raised in that R&R.

the state law claims "predominate" over the federal claims, that does not provide a basis to remand the case to state court. That said, if at a later point in the case, the Court dismisses all of the federal claims, it might then be appropriate to remand the state law claims to state court under 28 U.S.C. §1367(c)(3).

Plaintiff argues that the magistrate judge "overlooked procedural defects in removal," but he did not raise that issue in his motion to remand and the Eleventh Circuit has held that procedural defects in the removal process must be raised by a party in a motion to remand and cannot be raised by the court sua sponte. *See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). Moreover, even if that issue is now properly before the Court, remand would not be required based on any of the alleged procedural defects identified by Plaintiff because (1) the notice of removal included all of the information required by 28 U.S.C. §1446; (2) the notice was filed within 30 days after the removing defendants were served; and (3) even though the notice did not indicate that all of the then-served defendants consented to removal, that issue was cured when the other defendants filed a "consent to removal" (Doc. 14) within 30 days after those defendants were served[2] and within 30 days after the date the notice of removal was filed.

---

[2] The consent to removal was filed by the other defendants on June 27, 2025, and the earliest date of that any of those defendants was served was May 28, 2025. *See* Docs. 21, 23.

Plaintiff's argument that there are "exceptional circumstances" that warrant remand under §1367(c)(4) is meritless because (1) as the magistrate judge explained, §1367(c) does not authorize the Court to remand a case to state court where the case includes a properly removed federal claim, and (2) the fact that Plaintiff is proceeding pro se, does not have CM/ECF filing access, and lives 60 miles from the courthouse has no bearing on whether the case should proceed in this Court. Indeed, on the latter point, it is clear from the docket that none of those issues have hampered Plaintiff's prosecution of this case thus far.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's R&R (Doc. 48) is adopted and incorporated by reference in this Order.

2. Plaintiff's motion to remand (Doc. 12) is **DENIED**.

3. This case will be returned to the magistrate judge for further proceedings after the Court issues an order on the other R&R (Doc.50) issued by the magistrate judge.

**DONE AND ORDERED** this 29th day of August, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**