UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICHOLAS SAMMIE LEE
SMITH, JR.,
      Plaintiff,

v.                              Case No. 3:25cv824/TKW/ZCB

TIMOTHY WEBSTER, et al.,
      Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff originally commenced this action in state court. (Doc. 1). It was subsequently removed to this Court. (Doc. 1-5). On September 2, 2025, the Court dismissed Plaintiff's complaint as an impermissible shotgun pleading and provided Plaintiff with fourteen days to file an amended complaint. (Doc. 55). Plaintiff has since filed an amended complaint. (Doc. 56).

Currently before the Court are two motions to dismiss the amended complaint filed by several of the Defendants. (Docs. 68, 69). Plaintiff has responded in opposition. (Doc. 79). For the reasons below, the motions to dismiss should be granted because Plaintiff's amended complaint is an impermissible shotgun pleading.

1

# I. Background

Plaintiff's amended complaint names seventeen Defendants, ranging from Navy Federal Credit Union to the Okaloosa County Sheriff to the Toyota Dealership in Fort Walton. (Doc. 56 at 4-7); *see also* (Doc. 64). Along with his amended complaint, Plaintiff has submitted over 350 pages of exhibits, as well as a USB drive containing even more documents. (Docs. 60, 61).

Plaintiff's initial complaint was dismissed as a shotgun pleading, and Plaintiff was provided with an opportunity to amend as required by Eleventh Circuit precedent. (Docs. 55, 50). Plaintiff filed his amended complaint on September 16, 2025. (Doc. 56). Numerous Defendants have moved to dismiss the amended complaint, but some Defendants have yet to be served. (Docs. 57, 58, 59, 72).

The Court could wait for all Defendants to be served before addressing the deficiencies in Plaintiff's amended complaint. But Plaintiff's amended complaint is clearly a shotgun pleading that should be dismissed. Moreover, Plaintiff continues to inundate this Court with various filings—many of which are conclusory and others that are frivolous. In the past week alone, Plaintiff has filed six motions or

notices. The week before he filed four. Addressing these filings and continuing to delay the inevitable dismissal of Plaintiff's amended complaint as a shotgun pleading would merely result in the continued wasting of judicial resources.[1] Accordingly, the Court believes it is prudent to resolve the pending motions to dismiss at this time.

## II. Discussion

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss

---

[1] This includes the substantial amount of time the Clerk's Office has spent scanning Plaintiff's voluminous filings. The Court would also note that Plaintiff had another case dismissed not long ago because it was an impermissible shotgun pleading. (*See Smith v. United States*, No. 3:24cv611/TKW/ZCB, Docs. 8, 11).

a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up).

What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).  And dismissing shotgun pleadings

is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims.   *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's amended complaint falls into at least three of the four categories of shotgun pleadings.  First, it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Barmapov*, 986 F.3d at 1324-25. Plaintiff's amended complaint includes seven counts under federal and Florida law.  (Doc. 56).  Each count adopts all the factual allegations contained in Plaintiff's "Statement of Facts" section as well as the over 350 pages of exhibits.  (Doc. 56 at 11, 12, 13, 15, 19, 22, 26).  It is insufficient for Plaintiff to simply incorporate all general factual allegations in each of his counts while failing to explain how specific facts within those allegations support each count.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding a shotgun pleading where "[e]ach count has two numbered paragraphs" and incorporates all general factual allegations, many of which "appear to

relate to only one or two counts or to none of the counts at all[,]" leaving a reader of the complaint to "speculate as to which factual allegations pertain to which count"); *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998) (noting a "complaint began with thirty-seven paragraphs of general allegations that were incorporated by reference into each count" and stating that "[t]hese general allegations operated as camouflage, obscuring the material allegations of [the plaintiff's] claims and necessarily implying that all the allegations were material to each claim").

Neither the Court nor Defendants should be required to "sift through the facts presented and decide for [themselves] which [are] material to the particular cause of action asserted." *Beckwith v. Bellsouth Telecomm. Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005). Doing so would result in a "massive waste of judicial and private resources." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) (internal quotation omitted).

Second, Plaintiff's amended complaint contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov*, 986 F.3d at 1325. It is difficult to decipher the

6

sequence of events giving rise to Plaintiff's claims. And Plaintiff includes several immaterial facts, like a seven-page affidavit regarding his military status and a letter from the Department of Veterans Affairs. (Doc. 56 at 1-2); (Doc. 60 at 1-10). Plaintiff also references Defendants "deliberate attempt to withhold exculpatory content." (Doc. 56 at 9). But Plaintiff was not criminally charged, and the principle that he is entitled to "exculpatory" evidence is not applicable. *See Brady v. Maryland*, 373 U.S. 83 (1963) (holding that a prosecutor must disclose exculpatory evidence to a criminal defendant).

Plaintiff's amended complaint also contains conclusory allegations with no supporting explanation. The amended complaint repeatedly fails to link specific facts to claims or explain how the events discussed in the complaint relate to alleged violations of law. For example:

- "Defendant Timothy Webster, with the participation of Defendants Sherlock Sterling and Robert Garcia, forged Plaintiff's signature on the NFCU check and altered the loan terms from 5.69% APR for 72 months to 7.84% APR for 73 months, without Plaintiff's knowledge, authorization, or consent." (Doc. 56 at 7). Plaintiff does not describe how the car dealership employees (who are not bank employees) changed the terms of Plaintiff's loan, nor does Plaintiff describe how Defendants Sterling or Garcia "participated" in the alleged forgery.

- "Investigator Michael Watts . . . omitted exculpatory facts, fabricated statements suggesting no crime occurred, and prematurely closed Plaintiff's case as a 'civil matter.'" (Doc. 56 at 15-16). Plaintiff fails to describe how Defendant Watts allegedly fabricated statements, or how closing Plaintiff's case was a violation of the law.

- Plaintiff repeatedly asserts that Sheriff Aden is liable under *Monell* because of a "policy/custom," but Plaintiff fails to provide any factual allegations supporting a policy or custom by Sheriff Aden. (*Id.* at 17, 25).

These are just a few of the numerous factually unsupported and conclusory allegations contained in the amended complaint.

Third, Plaintiff's amended complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[.]" *Barmapov*, 986 F.3d at 1325 (cleaned up). Take, for example, Plaintiff's allegation that "Supervisors Sgt. Robert L. K. Thacker and Lt. Casey W. Isenbarger ratified Watts' conduct by approving falsified reports, suppressing Plaintiff's sworn affidavit complaint, and refusing to release complete public records." (Doc. 56 at 16). Plaintiff fails to identify what specific actions Defendants Thacker and Isenbarger took and instead includes them together in one broad, conclusory allegation. His amended complaint is replete with similar allegations "grouping" Defendants

together. This is impermissible.  A plaintiff must specify "which of the defendants are responsible for which acts or omissions[.]" *Barmapov*, 986 F.3d at 1325 (cleaned up).  Because Plaintiff fails to identify the "precise conduct attributable to each individual defendant separately in each count," his amended complaint falls into the fourth category of shotgun pleadings. *Swanson v. Cobb Cnty. Dep't of Fam. & Child. Servs.*, No. 1:21-CV-04978-JPB, 2023 WL 2169044, at *4 (N.D. Ga. Feb. 21, 2023)

As explained above, Plaintiff's amended complaint is an impermissible shotgun pleading.  It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (cleaned up).  The Court recognizes that Plaintiff is proceeding *pro se* and that *pro se* pleadings are construed liberally.  *See, e.g.*, *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).  But a court is not tasked with rewriting a deficient pleading, even if brought by a *pro se* party.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)).

9

Plaintiff was told of the deficiencies in his prior complaint, provided with an opportunity to re-plead the complaint to cure those deficiencies, and warned that a failure to do so would result in a recommendation of dismissal of this case.  (Doc. 55).  Nonetheless, Plaintiff has filed an amended complaint that suffers from similar deficiencies. And there is no indication that providing Plaintiff with yet another opportunity to amend would cure his pleading deficiencies.[2] Thus, dismissal is warranted. [3]  *See Jackson*, 898 F.3d at 1358 (explaining that the district court should "give the plaintiff one chance to remedy such deficiencies"

---

[2] Plaintiff has filed a motion for leave to file a second amended complaint. (Doc. 65).  His motion does not change this Report and Recommendation. First, Plaintiff failed to accompany his motion with a proposed amended pleading as required by the Local Rules.  N.D. Fla. Loc. R. 15.1(B) (stating that when a pleading may be amended only by leave of court, the amending party must file a motion for leave to amend and must simultaneously file the proposed amended pleading).  Plaintiff's violation of the Local Rule is sufficient to deny Plaintiff's motion.  Second, even if the Court permitted Plaintiff to file a second amended complaint including the changes proposed in his motion, it would not cure the pleading deficiencies identified in this Report and Recommendation. (Doc. 65 at 2).

[3] Because Plaintiff's amended complaint is a shotgun pleading, Plaintiff's claims against all Defendants should be dismissed, including claims against Defendants that have not yet been served or appeared.  *See Behr v. Campell*, No. 9:18cv80221, 2022 WL 1176949, at *1 n.1 (S.D. Fla. Mar. 18, 2022) (dismissing all of plaintiff's claims against all defendants on shotgun pleading grounds, even though only one of the defendants had been served and appeared in the case).

before dismissing the complaint as a shotgun pleading); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (affirming dismissal on shotgun pleading grounds after the court provided the plaintiff with an opportunity to file an amended complaint).

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The motions to dismiss (Docs. 68, 69) be **GRANTED**.

2. Plaintiff's amended complaint (Doc. 56) be **DISMISSED** as an impermissible shotgun pleading.[4]

3. The Clerk of Court be directed to close this case and terminate all pending motions.

At Pensacola, Florida, this 8th day of October 2025.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

---

[4] Plaintiff's federal claims should be dismissed with prejudice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). To the extent the amended complaint includes state law claims, those claims should be dismissed without prejudice. *Id.* at 1296-97.

## __Notice to the Parties__

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.