UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICHOLAS SAMMIE LEE
SMITH, JR.,

    Plaintiff,

v.                                                            Case No. 3:25-cv-824-TKW-ZCB

TIMOTHY WEBSTER, et al.,

    Defendants.
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 81) and Plaintiff's objections (Doc. 86). The Court reviewed the issues raised in the objections de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that the amended complaint (like the original complaint) is an impermissible shotgun pleading and that it should be dismissed without leave to amend.

On the latter point, the Court did not overlook the proposed second amended complaint (Doc. 85) that Plaintiff filed after the R&R was issued. However, that document appears to be substantially the same (both in form and substance) as the amended complaint and it suffers from the same substantive deficiencies as the

amended complaint. Thus, at this point, it is apparent that it would be futile to allow further amendment. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). Thus, the federal claims will be dismissed with prejudice and the state claims will be dismissed without prejudice to re-filing in state court. *See Vibe Micro. v. Shabanets*, 878 F.3d 1291, 1296–97 (11th Cir. 2018).

The Court also did not overlook Plaintiff's complaints about the magistrate judge's characterization of his filings being voluminous, burdensome, and/or frivolous. However, that characterization is amply supported by the record. And, in any event, it is well-established that a judge's critical comments about a party or his legal positions based on the evidence or record is not enough to show partiality or bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's R&R is adopted and incorporated by reference in this Order.

2. Defendants' motions to dismiss (Docs. 68, 69, 70) are **GRANTED** insofar as they argue that the amended complaint is an impermissible shotgun pleading and **DENIED** as moot in all other respects.

3. The amended complaint is **DISMISSED** as a shotgun pleading without leave to amend. The dismissal of the federal claims is <u>with</u> prejudice and the dismissal of the state claims is <u>without</u> prejudice to refiling in state court.

4. The Clerk shall terminate all pending motions, enter judgment in accordance with this Order, and close the case file.

**DONE AND ORDERED** this 14th day of October, 2025.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**